1

                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLORADO

2

3    Criminal Action No. 13-cr-487-MSK

4    UNITED STATES OF AMERICA,

5        Plaintiff,

     vs.

6

7    JUAN LUIS MONJE-GARCIA,

         Defendant.

8    _____

9

10                       **REPORTER'S TRANSCRIPT**
                     (Sentencing Hearing:  Order)

11   _____

12          Proceedings before the HONORABLE MARCIA S. KRIEGER,

13   Judge, United States District Court for the District of

14   Colorado,  occurring at 3 p.m., on the 12th day of March, 2014,

15   in Courtroom A901, United States Courthouse, Denver, Colorado.

16

17                           **APPEARANCES**

18         KRISTEN SINCLAIR, Assistant U.S. Attorney, 1225 17th

19   Street, Suite 700, Denver, Colorado, 80202, appearing for the

20   plaintiff.

21         ROBERT PEPIN, Assistant Federal Public Defender , 633

22   17th Street, 10th Floor, Denver, Colorado, 80202, appearing for

23   the defendant.

24    Proceeding Recorded by Mechanical Stenography, Transcription
      Produced via Computer by Tammy Hoffschildt, 901 19th Street,
25         Room A251, Denver, Colorado, 80294, (303) 292-1088

2

1    (The following proceedings were had and entered of record

2   after the Court heard the arguments of counsel and statement of

3   defendant:)

4        *THE COURT:*  Thank you.  Then I will announce the

5   sentence that I intend to impose.  Of course, counsel, you will

6   have a final opportunity to make legal objections before

7   judgment is entered, if you believe that the sentence is

8   premised upon error, or I raise an issue you haven't had

9   adequate opportunity to consider or to address, please feel

10   free to request a continuance.

11        Imposition of a sentence in a federal criminal case is

12   governed by a number of statutes.  As I indicated in the change

13   of plea portion of this hearing, the umbrella statute is 18

14   U.S.C. Section 3553.  It requires me to impose a sentence which

15   is sufficient but not greater than necessary to -- to satisfy

16   several objectives, to reflect the seriousness of the offense,

17   to promote respect for the law, to provide just punishment, to

18   adequately deter criminal conduct, to protect the public from

19   further crimes from the defendant, to provide the defendant

20   with needed educational or vocational training, medical care or

21   other correctional treatment in the most effective manner.

22        The statute directs me to consider a number of

23   factors, nature and circumstances of the offense, the kinds of

24   sentences that are available, the sentence prescribed by the

25   federal sentencing guidelines, the need to avoid unwarranted

1    disparities among defendants with similar records found guilty

2    of similar conduct, and in the appropriate case the need for

3    restitution.

4          I identified those documents that I had studied,

5    confirmed with counsel that they had had an adequate

6    opportunity to study such documents in the record, confirmed

7    there were no additional records -- documents that were outside

8    the record that should be considered.

9          There is a disagreement between the parties as to the

10   calculation of the sentence under the guidelines, but not as to

11   the facts contained in the presentence report.  There is a

12   motion for a departure under fast track but no request for a

13   variance.

14         We start with the calculation of the sentence under

15   the federal sentencing guidelines.  Here we're dealing with 8

16   U.S.C. section 1326(a), as the offense.  It is governed by

17   Section 2L1.2 of the guidelines.  It has a base offense level

18   of 8.  The defendant was previously deported after conviction

19   for theft in Maricopa County Superior Court in case number

20   CR95-2400, and therefore the offense level is increased by four

21   levels in accordance with Section 2L1.2(b)(1)(D).  This results

22   in adjusted offense level of 12.  The maximum decrease for

23   acceptance of responsibility is afforded under Section

24   3E1.1(a), a two-level reduction, which takes this to an offense

25   level of 10.

 1          We turn then to the calculation of Mr. Monje's

 2   criminal history.  The presentence report calculates this as a

 3   Criminal History Category of IV, based on a Criminal History

 4   Score of VII.  The defendant argues that there should be a

 5   Criminal History Score of V, that the two additional points

 6   referred to in paragraph 29, arising from an unexpired criminal

 7   justice sentence in the theft case in Maricopa County Superior

 8   Court should not be applied.

 9          I agree with the government in this case, that there

10   was an unexpired sentence, even though Mr. Monje was convicted

11   of theft and had a sentence of five years of imprisonment, he

12   was deported halfway through his sentence, and based upon the

13   factual recitation in the presentence report, and no contrary

14   evidence, I find that Arizona considers him to be subject to

15   the remaining portion of that sentence, and intends to file a

16   detainer in order to have him returned to complete that

17   sentence once he completes the sentence in this case.

18          As a consequence, I find that the objection by the

19   defense must be overruled.  However, I do take the argument

20   made in accordance with this provision into account in

21   considering the provisions under 18 U.S.C. Section 3553.

22          That takes us then to the calculation under the

23   guidelines, which is a Criminal History Category of IV, offense

24   level of 10, results in a 15- to 21-month presumptive

25   incarceration period a supervised release of one to three

1    years, a fine range of 2,000 to $20,000 and a special

2    assessment of $100 as mandated by statute.  The government

3    pursuant to the "Fast Track" program has filed a motion for a

4    downward departure, which, according to the motion, would

5    request a four-level reduction in the offense level.  There's

6    no opposition to this, and it appears that the defendant is

7    eligible under the "Fast Track" program, therefore the motion

8    for departure is granted.

9         This results in an offense level of 6, with a Criminal

10   History Category of IV, a presumptive sentencing range of 6 to

11   12 months, the supervised release range, I believe, remains the

12   same, and I believe there's no change in the fine.  Is that

13   correct?

14        *PROBATION:*  That's correct, Your Honor.  Total offense

15   level of 6, results in a fine range of 500 to 5,000.

16        *THE COURT:*  Five hundred to 5,000.  Thank you.  There

17   is no request for a variant sentence, but as I indicated, I

18   take into account all of the appropriate factors under 18

19   U.S.C. Section 3553, and I take into account, in particular,

20   the arguments made by Mr. Pepin, and that prior conviction in

21   Arizona that gives rise to the split sentence, and the issue

22   with regard to criminal history.

23        There are several things that I note here.  First of

24   all, I note that Mr. Monje has at least five, perhaps six,

25   aliases.  He has used at least four birthdates.  He has used at

6

 1   least two social security numbers, and he has used multiple

 2   state I.D. numbers.  He has been deported, with the

 3   understanding that if he came back to the United States he

 4   would have to serve the remaining half of his sentence for

 5   theft conviction, but he, nevertheless, returned to the United

 6   States, formed a relationship, and I don't know whether he

 7   formed this relationship prior to deportation or after

 8   deportation, but subsequent to his return had a son, and he has

 9   lived in the United States, apparently, for the past 13 years.

10          During this time he has a number of traffic

11   convictions, some of which are not of particular significance,

12   but a couple of these concern driving while his ability was

13   impaired, and that is of significance.

14          I know he plans to return to Mexico after he completes

15   his sentence.  I know his common-law wife would like to have

16   him be able to stay in the United States.  Practically

17   speaking, he has been living in the United States and earning

18   money while he has been here for a significant period of time.

19   It doesn't appear that he has extensive contacts in Mexico, and

20   as a consequence, I think there is a reasonably high likelihood

21   that he will be tempted, after deportation, to return to the

22   United States, since he returned to the United States before he

23   had a family and when he had a prison sentence hanging over his

24   head.  Neither of those items deterred him from coming back

25   last time.  I fear that he will be more inclined to come back

1    if he is deported after this conviction.  He will have a family

2    here, and he will have completed all of the prison terms that

3    have been imposed.

4          So I believe that there are several things that need

5    to be taken into account in calculating the appropriate

6    sentence.  I do not believe that he should be sentenced at the

7    bottom end of the guideline range, given this criminal history,

8    given his return, given the number of aliases and social

9    security numbers and his drinking convictions, drinking and

10   driving convictions.  But at the same time, I don't believe

11   that he should be sentenced at the top of the range.

12         The range that -- the sentence I intend to impose is

13   an eight-month sentence, and it takes into account the fact

14   that all of us in the courtroom believe, and there's no

15   evidence to the contrary, he will, after the completion of this

16   sentence, go to Arizona and complete another sentence.  I

17   intend to impose a three-year term of supervised release as a

18   deterrent to his return to the United States, if he is

19   deported.

20         I do not intend to impose a fine, because I have

21   inadequate information to indicate that he has the ability to

22   pay a fine.  Instinctively, I believe that having lived with

23   his common-law wife for 13 years and having both worked, that

24   likely he has an interest in property that is jointly owned by

25   both of them, and if she is a common-law wife, even a home

1    titled in her name he may have an equitable interest in.  But

2    there's nothing before me to tell me that he has the ability to

3    pay a fine, and therefore, I decline to impose a fine, finding

4    that he is unable to pay one.

5            I impose -- I intend to impose the Special Assessment

6    of $100, because it is mandated by statute.  For these reasons,

7    and in summary, I intend to impose a sentence of eight months

8    of incarceration, a supervised release term of three years, no

9    fine, and a special assessment of $100.

10           Any need for clarification, further explanation,

11   objection, or a request for a continuance?

12           *MS. SINCLAIR:*  Nothing from the government,

13   Your Honor.

14           *MR. PEPIN:*  Nor from us, Your Honor.  Thank you.

15           *THE COURT:*  Thank you.  Then, pursuant to the findings

16   that I have made, and with appreciation to our counsel and our

17   probation officer, pursuant to the Sentencing Reform Act of

18   1984, it is the judgment of the Court that the defendant,

19   Juan Luis Monje-Garcia, be committed to the custody of the

20   bureau of prisons to be imprisoned for a term of eight months.

21   Upon release from imprisonment, he will be placed on supervised

22   release for a term of three years.  Within 72 hours of release

23   from the custody of the bureau of prisons, he will report, in

24   person, to the probation office in the district to which he is

25   released, if he is not deported.

1    While he is on supervised release he will not commit

2  another federal, state or local crime; will not possess a

3  firearm as defined in 18 U.S.C. Section 921; and he will, to

4  the extent he is not deported, comply with the standard

5  conditions adopted by the Court.

6    I waive the mandatory drug-testing provisions of 18

7  U.S.C. Section 3583(d), because it's likely that he will be

8  deported.  However, he will participate in collection of DNA as

9  directed by the probation officer.  And I impose a special

10  condition that if he is deported, he not, hereafter, reenter

11  the United States illegally.  And if he reenters the United

12  States legally, he will report to the nearest probation office

13  within 72 hours of his return.  No fine is imposed for the

14  reasons specified.  A special assessment of $100, as mandated

15  by statute, is due and payable immediately.

16    I advise Mr. Monje that to the extent that he has any

17  right to appeal his sentence reserved in his Plea Agreement, he

18  must exercise that right within 14 days after entry of judgment

19  or he loses that right.  The right is exercised by filing a

20  Notice of Appeal, and ordinarily Mr. Pepin would file the

21  Notice of Appeal.  If he is unable or unwilling to do so,

22  Mr. Monje may request, and I will direct the Clerk of the Court

23  to prepare and file a Notice of Appeal on his behalf.

24    Is there anything further to bring before the Court

25  with regard to this matter?

1    *MS. SINCLAIR:*  No, Your Honor.  Thank you.

2    *MR. PEPIN:*  Not from us.  Thank you, your Honor.

3    *THE COURT:*  Thank you, Ms. Sinclair.  Thank you,

4    Mr. Pepin.  Thank you to our probation officer and thank you to

5    the marshals staff and to our court staff.  That will conclude

6    this matter.  We will stand in a very brief recess because we

7    have another hearing to move to almost immediately.

8    *THE COURTROOM DEPUTY:*  All rise.  Court is in recess.

9    (Recess at 4:24 p.m.)

10   **REPORTER'S CERTIFICATE**

11   I certify that the foregoing is a correct transcript from

12   the record of proceedings in the above-entitled matter.  Dated

13   at Denver, Colorado, this 17th day of March, 2014.

14

15                                       *S/Tamara Hoffschildt*
                                         Tamara Hoffschildt

16

17

18

19

20

21

22

23

24

25